UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WAYLEN BLOCK,

    Plaintiff,

    v.

THE UNITED STATES OF AMERICA,

    Defendant.

Case No. 1:23-CV-12025-MRG

**GUZMAN, D.J.**

**MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS [ECF No. 16]**

I.    **Introduction**

This is a prison conditions case. *Pro Se* Plaintiff Waylen Block, a federal prisoner,

alleges that Defendant United States of America violated his Eighth Amendment[1] rights by

subjecting him to deplorable living conditions during his incarceration that included repeatedly

ignoring his medical needs. Consequently, he alleges, he has suffered acute kidney failure,

irreversible damage to his vision, and mental and physical distress. Plaintiff has not specified the

exact form of relief sought.

This matter is before the Court on Defendants' motion to dismiss [ECF No. 16].

Defendant's principal argument is that Plaintiff's Eighth Amendment claim is barred by the

---

[1] The Eighth Amendment prohibits, among other things, infliction of "cruel and unusual
punishments." U.S. Const. Amend. VIII.

1

doctrine of sovereign immunity.  This Court agrees.  For the reasons stated below, the motion to dismiss will be **GRANTED** and the case will be **DISMISSED WITH PREJUDICE**.

## II.    Background & Preliminary Matters

### a.  Procedural History

Shortly after Plaintiff filed his initial *pro se* complaint [ECF No. 1] and motion to proceed *in forma pauperis* [ECF No. 2], the Court granted the latter motion.  [ECF No. 5].  In turn, Defendant moved for a more definite statement [ECF No. 13], requesting that Plaintiff more clearly articulate which of his allegations purportedly stated a claim under the Federal Tort Claims Act ("FTCA").  [ECF No. 14].  In response and before the Court had ruled on the motion for a more definite statement, Plaintiff filed a letter detailing his allegations and his legal theory of the case -- which is that Defendant violated his Eighth Amendment rights.  [ECF No. 15].

Notably, Plaintiff's more definite statement did not make any reference to claims arising under the FCTA.  See [id.]  Defendant then moved to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) [ECF No. 16], with their memorandum in support targeting Plaintiff's more definite statement.  [ECF No. 17].  Defendant's principal argument is that subject matter jurisdiction is lacking because Plaintiff's claim is barred by the doctrine of sovereign immunity.  [Id at 3].  Plaintiff filed a response [ECF No. 20] that referred to alleged actions and inactions of the Federal Bureau of Prisons ("BOP"), but which did not attempt to name that agency as an additional Defendant.  [ECF No. 20 at 1-3].  Moreover, Plaintiff's response did not purport to allege any legal claims other than his Eighth Amendment claim.  See [ECF No. 20 at 2-3].

b. **The Operative Complaint**

Before it can reach the merits of Defendant's motion to dismiss, the Court must first determine which of Plaintiff's multiple pleadings constitutes the operative complaint. E.g., [ECF No. 1]; [ECF No. 15]; [ECF No. 20]; [ECF No. 24]. After careful review, the Court concludes that Plaintiff's letter [ECF No. 15] is the operative complaint. Plaintiff filed this document just eighteen days after Defendant filed its motion for a more definite statement, and, moreover, did not later dispute Defendant's contention that this document constituted his more definite statement. See [ECF No. 17 at 2].

Accordingly, the Court may not and will not consider the contents of the original complaint [ECF No. 1] or other documents on the docket appearing to detail Plaintiff's allegations. See e.g., ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) ("[I]t is clear beyond hope of contradiction that the Civil Rules permit a party to amend its complaint 'once as a matter of course at any time before a responsive pleading is served.' An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case'") (citations omitted). In other words, Plaintiff's filing of a more definite statement rendered his original complaint a "dead letter" and the Court will not consider its contents. Thus, the Court's motion to dismiss analysis will focus only on the allegations contained within Plaintiff's more definite statement [ECF No. 15] (hereafter, "the Complaint").

c. **Factual Background[2]**

At least as of the date of the Complaint, Plaintiff is a prisoner at Federal Medical Center, Devens. Plaintiff alleges that during his incarceration, he has been subjected to "abhorrently

---

[2] Except as otherwise noted, the following facts are set forth as alleged in the Complaint. [ECF No. 15].

**3**

poor living conditions" which (a) led to his contracting COVID-19, and, consequently, acute kidney failure, as well as (b) aggravated his preexisting Central Serous Retinopathy ("CSR"), a serious eye disease. [ECF No. 15 at 1]. Plaintiff made repeated requests for medical treatment that were ignored -- presumably by prison officials and/or prison staff. [Id.] Plaintiff's ophthalmologist called for additional treatment, too, and these requests were also ignored. [Id.] Specifically, Plaintiff alleges that his prescribed intravitreal injections were not provided in a timely manner -- leading to irreversible damage to his vision. [Id.] Plaintiff maintains that he now only has one functioning eye, and that these suboptimal conditions and treatments led to considerable mental and physical distress. [Id.]

### d. **Plaintiff's Legal Claim**

The gravamen of Plaintiff's Complaint is that Defendant's alleged actions and inactions violated the Eighth Amendment. See e.g., [id at 2 ("As defined by the U.S. Supreme Court, this [i.e., Defendant's alleged deliberate indifference] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment")]. Although Plaintiff did not specify exactly what type of legal remedy he was requesting, he made clear that he was seeking redress for an alleged constitutional violation. See [id ("In light of these circumstances, I am seeking legal recourse for the violation of my constitutional rights")].

## III. **Legal Standards**

### a. *In Forma Pauperis* **Prisoner Complaints and** *Pro Se* **Pleadings**

By statute, this Court is required to dismiss a complaint filed by a prisoner proceeding *in forma pauperis* "at any time" if the complaint is frivolous or malicious, fails to state claim, or seeks monetary relief against a defendant who is immune from liability. 28 U.S.C. § 1915(e)(2)(B). At the same time, when plaintiff is proceeding *pro se*, the Court must construe

the complaint liberally.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Indeed, a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers…."  Id. (citation omitted).  However, *pro se* litigants "still must comply with procedural and substantive law" and "[d]ismissal of a *pro se* complaint is appropriate when the complaint fails to state an actionable claim."  Harihar v. United States Bank Nat'l Ass'n, No. 15-cv-11880-ADB, 2017 U.S. Dist. LEXIS 50596, at *14 (D. Mass. Mar. 31, 2017) (citations omitted).

### b.  Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (citation omitted).  Subject matter jurisdiction "is never presumed," Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (citation omitted), and "must be apparent from the face of the plaintiffs' pleading[.]" Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).  The Court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case." Donahue v. Boston, 304 F.3d 110, 117 (1st Cir. 2002) (citation omitted).  Moreover, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (citation omitted).

A defendant may move to dismiss an action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[3]  To determine if the plaintiff has carried their burden to show the existence of subject matter jurisdiction, the Court "take[s] as true all well-pleaded facts in the plaintiffs' complaints, scrutinize[s] them in the light most hospitable to the plaintiffs' theory of

---

[3] Even if a defendant does not challenge the existence of subject matter jurisdiction, the Court has an independent "duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress." Esquilín-Mendoza v. Don King Prods. Inc., 638 F.3d 1, 3 (1st Cir. 2011).

liability, and draw[s] all reasonable inferences therefrom in the plaintiffs' favor." Fothergill v.

United States, 566 F.3d 248, 251 (1st Cir. 2009) (citation omitted). If the well-pleaded facts,

evaluated in that generous manner, do not support a finding of federal subject-matter jurisdiction,

the Court must dismiss the action. See id (citation omitted).

For this Court to have subject matter jurisdiction in this case, Plaintiff must allege either

that this action raises a federal question, in that the cause of action arises under federal law, or

that this Court has diversity jurisdiction. See 28 U.S.C. § 1331 (federal question) and §

1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are

citizens of different states and that the amount in controversy in this action exceeds $75,000. See

id. at § 1332(b).

### c. **Sovereign Immunity**

Defendant's principal argument is that sovereign immunity precludes Plaintiff's claim.

[ECF No. 17 at 3]. The doctrine of sovereign immunity prevents the United States of America

from being sued without its consent. See e.g., Harper v. Rettig, 46 F.4th 1, 5-6 (1st Cir. 2022).

The terms of the United States' consent to be sued in any court "define that court's jurisdiction to

entertain the suit." Id (citations omitted). Simply stated, federal courts lack subject matter

jurisdiction over claims against the United States in the absence of a sovereign immunity waiver.

Davallou v. United States, 998 F.3d 502, 504 (1st Cir. 2021). Moreover, a waiver of sovereign

immunity "cannot be implied but must be unequivocally expressed," and, "[e]ven then, the

waiver must be strictly construed." Harper, 46 F.4th at 6 (citations omitted). To be sure,

plaintiffs suing the federal government bear the burden of showing that sovereign immunity has

been waived. See e.g., Hanley v. United States, 1994 U.S. App. LEXIS 30760, at *6 (1st Cir.

Oct. 5, 1994) (unpublished).

As another session of this Court has observed, without explicit statutory authorization, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), "provides the sole path for plaintiffs who seek damages from federal officials for alleged constitutional violations." Webb v. United States, Bureau of Prisons, 2011 U.S. Dist. LEXIS 28208, at *13 (D. Mass. Mar. 18, 2011).[4]  Moreover, *Bivens* only authorizes lawsuits against federal officers *in their individual capacities*.  Id.  Indeed, as the First Circuit has explained, *Bivens* claims cannot be brought against the United States, federal agencies or federal officials in their official capacities.  Tapia-Tapia v. Potter, 322 F.3d 742, 746 (1st Cir. 2003).

## IV.    Application

After careful review, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's Eighth Amendment claim against the United States.  See e.g., Davallou, 998 F.3d at 504 ("Federal courts lack subject-matter jurisdiction over claims against the United States absent a waiver of sovereign immunity.")  In his response to Defendant's motion to dismiss, Plaintiff made no argument regarding any possibly applicable waiver of sovereign immunity despite it being his burden to show that such waiver had occurred.  See [ECF No. 20]; Hanley, 1994 U.S. App. LEXIS 30760 at *6.  Indeed, as the Tenth Circuit recently pointed out, this would have been an "impossible" task for Plaintiff in any event.  See Askew v. United States, 2024 U.S. App. LEXIS 1470, at *7 (10th Cir. Jan. 23, 2024) (explaining that "to survive dismissal of his Eighth Amendment claim against the United States on sovereign immunity grounds, [the plaintiff] needed to establish that the United States has waived its sovereign immunity with respect to that claim. *It was impossible for him to do so*, because the law is clear that the United

---

[4] To be clear, Plaintiff has not alleged any *Bivens* claim in this case.  See [ECF No. 15].

States has not waived immunity from suit for constitutional claims for damages") (emphasis added and internal citation omitted).

To ensure that it had liberally construed Plaintiff's Complaint and understood the nature of his legal claim, see Erickson, 551 U.S. at 94, the Court reviewed each of the purportedly analogous cases[5] that Plaintiff cited in his Complaint [ECF No. 15 at 2]. In none of those case was the United States a named Defendant. The Court also considered the possibility that Plaintiff mistakenly believed he had sued the BOP, which is a possible reading of Plaintiff's opposition to Defendant's motion to dismiss. See [ECF No. 20 at 1 (Plaintiff stating that he was providing "medical records and additional information demonstrating the clear link between the actions of the Bureau of Prisons (BOP) and the deterioration of his right eye vision")]. However, *even if* Plaintiff had sued BOP for an Eighth Amendment violation, sovereign immunity almost certainly would have barred that claim, too. See e.g., Mouzon v. United States, No. 23-CV-10911 (PMH), 2024 U.S. Dist. LEXIS 40887, at *3 (S.D.N.Y. Mar. 8, 2024) ("Plaintiff's claims against the BOP must be dismissed. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived") (citations omitted).

## V.   **Plain Language Summary for *Pro Se* Plaintiff**

Your Complaint [ECF No. 15] is being dismissed because you may not sue the United States of America unless, among other things, you carry your burden of showing that the federal government waived its sovereign immunity. Sovereign immunity is a legal principle that the government cannot be sued without its consent. As explained below, you are not allowed to

---

[5] Plaintiff cited the following cases in his Complaint: Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976); Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994), and Leavitt v. Corr. Med. Servs., 645 F.3d 484 (1st Cir. 2011).

amend the Complaint again because (1) amendment would be futile (i.e., in vain or pointless), and because (2) you already amended your Complaint.  Amendment would be in vain because the United States has not waived its sovereign immunity for Eighth Amendment claims.  Your more definite statement [ECF No. 15] amended and replaced your original complaint [ECF No. 1].

VI.    **Conclusion**

For the foregoing reasons, this case is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.  See Askew, 2024 U.S. App. LEXIS 1470 at *7.  Although there is some out-of-circuit authority for the proposition that dismissals on sovereign immunity grounds should be without prejudice, e.g., Warnock v. Pecos City, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice"), dismissal with prejudice is appropriate in this case for two independently sufficient reasons.

First, there appears to be no such rule in this circuit and both the First Circuit and another session of this Court have signaled that sovereign immunity-based dismissals with prejudice are sometimes appropriate.  See e.g., Baez v. Connelly, 478 F. App'x 674, 675 (1st Cir. 2012) (unpublished) ("We also find no error in the district court's dismissal with prejudice of the claims against Naylor, Cardello and Kleczkowski in their official capacities. Those claims are barred by principles of sovereign immunity"); Mullane v. Mass. Bd. of Bar Exam'rs, 2021 U.S. Dist. LEXIS 171888, at *15 (D. Mass. Sep. 10, 2021) (ruling that "Counts V and VI are dismissed with prejudice given their dismissal on abstention and sovereign immunity grounds").

9

Second and more fundamentally, subsequent[6] amendment to the Complaint would be futile under these circumstances.  See Tierney v. United States, 2024 U.S. Dist. LEXIS 226107, at *7 n.2 (E.D. Pa. Dec. 13, 2024) ("Dismissal with prejudice here is appropriate because 'amendment would be futile because the United States has not waived its sovereign immunity as to torts that arise from collection of tax dollars'" (citations omitted); Nino v. United States, 2014 U.S. Dist. LEXIS 142830, at *12 (S.D. Cal. Oct. 6, 2014) ("Plaintiffs do not contend that the United States has waived its sovereign immunity for violations of the law of nations. Controlling case law is clear that the United States has not waived its sovereign immunity under the [Alien Tort Statute].  Because amendment would be futile, dismissal is with prejudice").

Finally, the Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal.  See e.g., Mouzon, 2024 U.S. Dist. LEXIS 40887 at *4-5 (certifying that any appeal from an order dismissing a plaintiff's claim against the BOP under the doctrine of sovereign immunity would not be taken in good faith).

**SO ORDERED.**

Dated: March 3, 2025

/s/ Margaret R. Guzman

MARGARET R. GUZMAN

United States District Judge

---

[6] In dismissing this case with prejudice, the Court is mindful that Plaintiff already amended his original complaint [ECF No. 1] with his more definite statement (i.e., the Complaint) [ECF No. 15].

**10**